```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/21
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PLYMOUTH COUNTY RETIREMENT
ASSOCIATION,

                Plaintiff,

    - v -

ARRAY TECHNOLOGIES, INC., et al.,

                Defendants.

**21 Civ. 4390 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 21, 2021, the Court appointed the Plymouth County Retirement Association and the Carpenters Pension Trust Fund for Northern California (collectively, the "Institutional Investor Group" or "IIG"), as co-lead plaintiffs in this securities class action. (See "Order," Dkt. No. 137.) In doing so, the Court denied Erste Asset Management's ("Erste AM") motion for appointment as lead plaintiff on the grounds that Erste AM was subject to unique standing defenses. (See id. at 10-12.) Now before the Court is Erste AM's motion for reconsideration of the Order. (See Dkt. No. 148.) For the reasons stated below, the Motion is hereby GRANTED. Revising its previous holding, the Court finds that Erste AM would not be subject to standing defenses merely based on the timing of when it was assigned the claim at issue. However, after reconsideration, the Court adheres

to its finding that Erste AM is still subject to unique standing defenses that render Erste AM unfit to adequately represent class members. Accordingly, Erste AM's motion for appointment as lead plaintiff and of lead counsel is DENIED.

## I.   BACKGROUND

The Court assumes familiarity with the factual and procedural background of this matter as set forth in the Order. (See Order at 137.) As a brief overview, four plaintiffs moved for appointment as lead plaintiff of this action pursuant to the Private Securities Litigation Reform Act ("PSLRA"). (See Dkt. Nos. 62, 66, 70, 75.) The Institutional Investor Group and the Public Employees Retirement Association of New Mexico ("PERA") filed briefs opposing Erste AM's appointment as lead plaintiff. (See Dkt. No. 83; Dkt. No. 84.) The Institutional Investor Group argued that Erste AM's motion was untimely because Erste AM filed a certification that was not in compliance with 15 U.S.C. Section 78u-4(a)(2)(A), and this also subjected Erste AM to unique standing defenses. (See Dkt. No. 84 at 4-12.) PERA also argued that Erste AM was subject to unique standing defenses because of questions about whether Erste AM was assigned the claims at issue from another entity, Erste Fonds Nr. 566 ("Erste 566"), which is the entity that bought and sold the securities at issue. (See Dkt. No. 83 at 1-5.)

Erste AM now moves the Court for reconsideration of the Order. (See Dkt. No. 148.) The Institutional Investor Group opposed Erste AM's motion on the grounds that Erste AM is still subject to various unique defenses. (See "Recons. Opp'n," Dkt. No. 151.)

## II.   LEGAL STANDARD

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Yi Xiang v. Inovalon Holdings, Inc., 268 F. Supp. 3d 515, 519 (S.D.N.Y. 2017) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). As the Second Circuit has explained, the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Van Buskirk v. United Grp. Cos., 935 F.3d 49, 54 (2d Cir. 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d

3

1245, 1255 (2d Cir. 1992) (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (2d ed.)); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

### III. DISCUSSION

The Court has reviewed Erste AM's motion for reconsideration and the Institutional Investor Group's opposition. The Court finds that reconsideration of the Order is warranted to revise the prior finding that Erste AM did not have standing because Erste 566 assigned the claim after the first complaint was filed. Erste AM has cited several cases in which courts have found that a lead plaintiff has standing even when an assignment declaration was executed after the complaint was filed by another plaintiff. (See Dkt. No. 149 at 16-19.) As a result, the Court modifies its prior holding and finds that Erste AM would not be subject to standing defenses merely based on the timing of the alleged assignment. (See Order at 10-12.) Upon reconsideration, however, the Court finds that there is still a risk that Erste AM will be subject to unique standing defenses.

Erste AM stated in its lead plaintiff motion that it suffered losses on "its purchases of Array common shares during the Class Period." (Dkt. No. 71 at 5). However, after examining the damages chart accompanying Erste AM's motion, the actual entity that bought and sold Array shares was Erste 566. (See Dkt. No. 72-2.) Erste AM did not explain its relationship to Erste 566 until its reply brief in support of its lead plaintiff motion, at which point Erste AM summarily explained that it is the "Austrian management company for [Erste 566] and therefore has standing and is authorized to sue on its fund's behalf as a matter of law." ("Erste AM Reply," Dkt. No. 88 at 4.) While asserting that it did not need an assignment of claims to have standing, Erste AM also stated that it executed "a valid assignment conveying its property interest in the claims against the defendants in this lawsuit to Erste AM" (the "Assignment Declaration"). (Id. at 5.) The Assignment Declaration stated that "Erste AM has authority to file the Motion [for Appointment as Lead Plaintiff and Approval of Selection of Counsel], to seek appointment as Lead Plaintiff in the Lawsuit, to pursue the Lawsuit, and to act on behalf of the Fund," and that the "Fund will be bound by the result of the [m]otion and the [l]awsuit." (Dkt. No. 89-3.) PERA and the Institutional Investor Group argue that the Assignment Declaration is

5

defective because it is merely a grant of "power of attorney," and that Erste AM has failed to establish that the assignment declaration is sufficient under Austrian law. (See "PERA Letter Br.," Dkt. No. 92 at 2-3 & n.2; Recons. Opp'n at 11-12.)

The Court noted in its Order that the Second Circuit has held that a party that did not purchase securities underlying a claim nonetheless has standing where it was assigned a property interest in the claim. (See Order at 9-10 (quoting W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 108 (2d Cir. 2008)).) For an assignment to be valid, "the owner must manifest 'an intention to make the assignee the owner of [the] claim.'" Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 17 (2d Cir. 1997) (alteration in original). Foreign law does not "alter the legal standard by which Article III standing is determined, *i.e.*, the requirement that non-beneficial owners of securities must have a property right in the claims being asserted." See Gross v. AT&T Inc., No. 19 Civ. 2892, 2019 WL 3500496, at *2 (S.D.N.Y. July 31, 2021). But foreign law is relevant to "establish[ing] the existence of the requisite property right." Id.

There is a serious risk that Erste AM will be subject to unique standing defenses regarding the invalidity of the

Assignment Declaration for failing to convey a property interest. As PERA and the Institutional Investor Group have argued, Erste AM has not established that the Assignment Declaration was sufficient under Austrian law to confer Erste AM with the requisite property interest under Huff. (See PERA Letter Br. at 2-3 & n.2; Recons. Opp'n at 11-12.) As a result, it is unclear whether Erste AM was granted a property interest in the claims under Austrian law, as required by Huff. Given this uncertainty, the Court finds that there is a non-speculative risk that Erste AM's standing could be successfully challenged. See Schaffer v. Horizon Pharma Plc, 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016) (noting that courts reject "appoints of lead plaintiff motions based on *potential* risks"). Nevertheless, such an explanation may have involved complex issues of foreign law that ultimately militate against Erste AM's appointment. See Baydale v. Am. Exp. Co., No. 09 Civ. 3016, 2009 WL 2603140, at *3 (S.D.N.Y. Aug. 14, 2009) (denying lead plaintiff motion where movant raised complex issues of foreign law that would cause a "needless litigation sideshow" that could be averted by selecting another lead plaintiff).

Instead of providing an explanation of Austrian law, Erste AM cited cases in which courts found that an Austrian asset manager had standing. (See Erste AM Reply at 3-4 & n.5;

7

Recons. Mot. at 20 n.12.) The Court already explained in its Order why those cases are distinguishable. (See Order at 13-15.) Notwithstanding, in one of these cases the plaintiff *did* timely submit a declaration from an expert on Austrian law, which the court relied on but only to find that the asset manager had third-party standing. See In re Vivendi Universal, S.A. Sec. Litig., 605 F. Supp. 2d 570, 581 (S.D.N.Y. 2009). Erste AM also cites Boynton Beach Firefighers' Pension Fund v. HCP, Inc., No. 16 Civ. 1106, 2017 WL 5759361, at *4-7 (N.D. Ohio Nov. 28, 2017), for the proposition that other courts have accepted the type of assignment in this case, which other European investors executed. But the HCP court also relied on arguments for how the assignments were sufficient under German law. Id.

In its reply brief in support of its motion for reconsideration, Erste AM also submitted, for the first time, a declaration from an expert on Austrian law, Professor Martin Karollus, to support its prior assertions that it has third-party standing. (See Dkt. No. 154-1.) Erste AM submits Professor Karollus's declaration in response to the Institutional Investor Group's arguments that Erste 566 lacks "legal personality" and "existence." (See Dkt. No. 153.)[1]

---

[1] Professor Karollus's declaration does not address whether the Assignment Declaration is sufficient to confer the requisite property interest under Huff. The declaration instead explains that Erste 566

8

Since the Court's holding does not rest on whether Erste 566 lacks "legal personality" or "existence," and because Erste AM has not moved for reconsideration of the Court's finding that Erste AM did not have third-party standing, the Court will not consider Professor Karollus's declaration. Moreover, to the extent that Erste AM seeks to revive its arguments that it has third-party standing, the Court finds Erste AM's submission of Professor Karollus's declaration untimely since it should have submitted the declaration with its original motion. See Gross, 2019 WL 3500496, at *2 (noting that "[a]t a minimum, if an issue were material to [the plaintiff's lead] motion, [the plaintiff] had the obligation to raise it").

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion filed by plaintiff Erste Asset Management ("Erste AM") (see Dkt. No. 148) for reconsideration of the Court's Order, dated September 21, 2021 (Dkt. No. 137) is **GRANTED**; and it is further

**ORDERED** Erste AM's application to submit materials supplementing its reply brief in support of reconsideration (Dkt. 152) is **DENIED**; and it is further

---

cannot act on its own behalf and that Erste AM is the only entity authorized to act for Erste 566. (See Dkt. No. 154-1 ¶¶ 17-22.)

**ORDERED** that Erste AM's motion for appointment as lead plaintiff and lead counsel (Dkt. No. 70) is **DENIED**; and it is further

**ORDERED** that, for the reasons stated in the Court's September 21 Order, the motion of the Plymouth County Retirement Association and the Carpenters Pension Trust Fund for Northern California for appointment of lead plaintiff for the proposed class in this action and for appointment of Labaton Sucharow LLP as lead counsel (Dkt. 66) is **GRANTED**.

**SO ORDERED.**

Dated:   November 1, 2021
         New York, New York

_____
Victor Marrero
U.S.D.J.